James Yates RUST, Jr., a/k/a James Yeats Rust, Jr., Petitioner–Appellant,

v.

Rex A. ZENT, Warden, Respondent–Appellee.

No. 93–3729.

United States Court of Appeals, Sixth Circuit.

Argued Jan. 19, 1994.

Decided Feb. 22, 1994.

Daniel E. Brinkman, Dayton, OH (argued and briefed), for petitioner-appellant.

Osias D. Zimmer, Atty. General's Office, Columbus, OH (argued and briefed), for respondent-appellee.

Before: NELSON and BOGGS, Circuit Judges; and CONTIE, Senior Circuit Judge.

CONTIE, Senior Circuit Judge.

Petitioner-appellant James Yates Rust, Jr., appeals the district court's June 2, 1993 Judgment dismissing his petition for habeas corpus relief as barred by procedural default. We affirm the district court for the following reasons.

I.

On March 2, 1983, an unidentified man armed with a handgun robbed the Big Bear Supermarket in Springfield, Ohio, of approximately $1200 while his accomplice, petitioner-appellant James Yates Rust, Jr., served as the "lookout" in the parking lot. The unidentified man and Rust ran from the parking lot as the police arrived following the robbery. Rust fell to the ground where he was apprehended clutching a loaded sawed-off shotgun and two 20–gauge shells. Rust refused to identify his accomplice.

On May 26, 1983, the Clark County Court of Common Pleas jury found Rust guilty of aggravated robbery (with a firearm specifica-

tion) and possession of dangerous ordnance. The trial court sentenced Rust to indeterminate terms of seven to twenty-five years for aggravated robbery and two to five years for possession of dangerous ordnance, plus three years actual incarceration for the firearm specification, all to be served consecutively.

On December 2, 1983, Rust, through appointed counsel, filed a delayed direct appeal with the state Court of Appeals, alleging as his sole assignment of error the three-year sentence he received for the firearm specification because he contends that he "did not actually possess the firearm upon which the enhanced sentence was based." On March 21, 1984, the Court of Appeals rejected Rust's assignment of error and affirmed Rust's sentence. Rust did not appeal to the Ohio Supreme Court.

More than six years later, Rust moved for leave to file a delayed direct appeal in the state Court of Appeals citing six assignments of error that were not raised in his first appeal:

1. The court erred when placing appellant twice in jeopardy [by repeatedly] punishing him for the same offense. . . .

2. [T]he trial judge . . . abused his discretion by . . . not instructing the jury on his [termination and duress] affirmative defenses. . . .

3. The prosecutor's remarks during trial and closing argument deprived defendant-appellant of due process and his right to a fair trial.

4. [T]he trial court abused its discretion by condoning a trial permeated with inadmissible evidence and compulsory self-incrimination [by] permitting the state to improperly impeach [Rust's] credibility through evidence of a prior conviction and by eliciting evidence of his post-arrest silence.

5. The court abused its discretion [by] permitting an indictment bearing the expression "John Doe, AKA William Bennett, AKA James Yates Rust, Jr.," to go to the jury as competent evidence. . . .

6. [T]he circumstantial evidence relied on by the state to prove an essential element of the crime was insufficient as a matter of law.

Respondent Zent's Return of Writ at 3–4. Though the appellant conceded that these six assignments of error were not raised in his first appeal, Rust blamed this on ineffective assistance of appellate counsel.

On January 29, 1991, the Court of Appeals dismissed Rust's appeal on *res judicata* grounds. Rust thereafter filed a notice of appeal with the Ohio Supreme Court citing seven propositions of law:

1. [A]ppellate counsel ineffectively assisted appellant by refusing to raise pertinent, non-frivolous meritorious appellate claims . . . thereby causing [Rust] to procedurally default against raising those claims . . . in a second appeal. . . .

2. The court erred when placing appellant twice in jeopardy by [repeatedly] punishing him for the same offense. . . .

3. [T]he trial judge . . . abused his discretion by . . . not instructing the jury on his . . . [termination and duress] affirmative defenses. . . .

4. The prosecutor's remarks during trial and closing argument deprived defendant-appellant of due process and his right to a fair trial.

5. [T]he trial court abused its discretion by condoning a trial permeated with inadmissible evidence and compulsory self-incrimination [by] permitting the state to improperly impeach [Rust's] credibility through evidence of a prior conviction and by eliciting evidence of his post-arrest silence.

6. The court abused its discretion [by] permitting an indictment bearing the expression "John Doe, AKA William Bennett, AKA James Yates Rust, Jr.," to go to the jury as competent evidence. . . .

7. [T]he circumstantial evidence relied upon by the state to prove an essential element of the crime was insufficient as a matter of law and was reconcilable and consistent with [Rust's] theory of innocence by a reasonable doubt.

*Id.* at 4–5. The Ohio Supreme Court dismissed Rust's appeal on May 1, 1991.

On June 25, 1991, Rust filed his petition for habeas corpus relief in district court, pursuant to 28 U.S.C. § 2254, citing these same seven assignments of error. The respondent-appellee, Warden Rex A. Zent, responded to Rust's petition on October 15, 1991. On October 30, 1991, the magistrate recommended that Rust's petition be dismissed for failure to exhaust available state court remedies. On December 11, 1991, the district court adopted the magistrate's Report and Recommendations. On December 13, 1991, Rust filed untimely objections to the magistrate's Report and Recommendations which the district court treated as a motion for reconsideration. On December 16, 1991, the magistrate issued a Supplemental Report and Recommendations in which he recommended denying Rust's motion for reconsideration and reiterated his prior recommendation that Rust's petition be dismissed, without prejudice, for failure to exhaust available state court remedies.

On January 9, 1992, Rust objected to the magistrate's Supplemental Report and Recommendations and filed a motion to amend his petition by excluding the ineffective assistance of counsel claim. On January 16, 1992, the magistrate recommended that Rust's petition be dismissed as mixed (i.e., containing both exhausted and unexhausted claims). On February 10, 1992, Rust objected to the magistrate's findings. On February 14, 1992, the magistrate recommended that Rust's motion to dismiss be granted without prejudice after concluding that "Rust must exhaust [his] post-conviction remed[ies] for his claim of ineffective assistance of counsel." Third Supplemental Report and Recommendations at 2.

On March 9, 1992, the magistrate restored Rust's petition to the active docket for consideration of the merits in light of the Ohio Supreme Court's ruling in *State v. Murnahan*, 63 Ohio St.3d 60, 584 N.E.2d 1204 (1992), which held that claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings, and that such claims may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Ohio Supreme Court.

The magistrate thereafter recommended that Rust's habeas corpus petition be dismissed "as all of the claims in it are barred by procedural default." Magistrate's October 23, 1992 Report and Recommendations at 8. On December 21, 1992, Rust objected to the magistrate's recommendations. On December 23, 1992, the magistrate filed a Supplemental Report reiterating his belief that Rust's petition should be dismissed because the appellant defaulted on his procedural claims. On May 28, 1993, the district court adopted the magistrate's findings and dismissed Rust's habeas corpus petition:

> [T]he Petitioner has defaulted on all of his procedural claims in that he failed to appeal, in any manner, to the Ohio Supreme Court on direct appeal or [to] the Court of Appeals for reconsideration of its decision on his direct appeal. As of the time his conviction was affirmed in the Court of Appeals, he was well aware (pursuant to his own admissions and his correspondence to the appellate court) that his appellate lawyer had failed to argue the points he now wishes this Court to consider. Rather than moving the appellate court for reconsideration ... or appealing the appellate court's affirmance of his conviction to the Supreme Court, he did nothing until he filed a [delayed motion] for leave to appeal on December 14, 1990. Moreover, [Rust's] attempt to claim the benefit of the ... "cause and prejudice exception" to procedural default, pursuant to *Murray v. Carrier*, 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), is unavailing, given the fact that he has failed to demonstrate even a colorable claim of probable innocence. In the absence of a showing of probable innocence, this Court is under no obligation, pursuant to *Murray*, to determine whether a constitutional violation has occurred.

District Court's May 28, 1993 Decision and Entry Adopting Report and Recommendations of United States Magistrate Judge and Supplemental Report and Recommendations of United States Magistrate Judge in Their Entirety at 1–2.

Rust filed his timely notice of appeal on June 23, 1993.

## II.

### Exhaustion

 Though a state prisoner may challenge the constitutionality of his state court conviction by seeking habeas corpus relief pursuant to 28 U.S.C. § 2254, the state prisoner must first exhaust his available state court remedies by presenting his claims to the state courts to provide the courts an opportunity to remedy any constitutional infirmities in his conviction. It is the petitioner's burden to prove exhaustion. *Darr v. Burford*, 339 U.S. 200, 218–19, 70 S.Ct. 587, 597–98, 94 L.Ed. 761 (1950).

 "The exhaustion requirement is satisfied when the highest court in the state in which the petitioner was convicted has been given a full and fair opportunity to rule on the petitioner's claims." *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990) (citations omitted). In fact, a petition containing at least one issue which was not presented to the state courts must be dismissed for failure to comply with the total exhaustion rule. *See Rose v. Lundy*, 455 U.S. 509, 522, 102 S.Ct. 1198, 1205, 71 L.Ed.2d 379 (1982) ("[B]ecause a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief, we hold that a district court must dismiss habeas petitions containing both unexhausted and exhausted claims.").

 Exhaustion is a problem only if the state still provides a remedy for the habeas petitioner to pursue, thus providing the state courts an opportunity to correct a constitutionally infirm state court conviction. If no remedy exists, and the substance of a claim has not been presented to the state courts, no exhaustion problem exists; rather, it is a problem of determining whether cause and prejudice exist to excuse the failure to present the claim in the state courts. Accordingly, we must determine whether Ohio provides a remedy for Rust to pursue.

In *State v. Murnahan*, the Supreme Court of Ohio held that: claims of ineffective assistance of appellate counsel are not cognizable in post-conviction proceedings (at the trial court level); claims of ineffective assistance of appellate counsel may be raised in an application for reconsideration in the court of appeals or in a direct appeal to the Ohio Supreme Court; and, where the time periods for reconsideration in the court of appeals and direct appeal to the Ohio Supreme Court have expired, a delayed claim of ineffective assistance of appellate counsel must first be brought in an application for delayed reconsideration in the court of appeals where the alleged error took place, and, if delayed reconsideration is denied, the defendant must file a delayed appeal in the Ohio Supreme Court. Because Rust complied with these requirements by filing an application for delayed reconsideration in the court of appeals, and by filing a delayed appeal in the Ohio Supreme Court, Rust has exhausted his available state court remedies. We must therefore determine whether Rust's claims are barred by his procedural default.

### Cause and Prejudice

 If a habeas corpus petitioner is barred from presenting one or more of his claims to the state courts because of procedural default, he has waived those claims for purposes of federal habeas corpus review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. Rust is barred from presenting his constitutional claims to the state courts because he had the opportunity to raise the issues during the course of his direct appeal but failed to do so. *See State v. Roberts*, 1 Ohio St.3d 36, 39, 1 O.B.R. 71, 73, 437 N.E.2d 598, 601 (1982) (the doctrine of *res judicata* precludes a petitioner from asserting constitutional issues in a postconviction proceeding that were not raised "at the earliest possible time"). Because Rust failed to raise his constitutional issues in his direct appeal, and because Rust's procedural default constituted an "adequate and independent" state ground on which the state relied to foreclose judicial review of his constitutional claims, we may not consider Rust's constitutional claims unless he can show cause to excuse his failure to present the claims in state court and actual prejudice to his defense at trial or on appeal. *See Riggins v. McMackin*, 935 F.2d 790, 793 (6th Cir.1991) ("[B]ecause Ohio law establishes a procedural bar to Riggins' due

process claim, this court will not consider that claim unless Riggins establishes adequate cause to excuse his failure to raise the claim during his state court appeal and actual prejudice to him from the fact that the state courts did not address the merits of his due process claim."). We review the district court's findings of fact supporting its determination of cause and prejudice for clear error. *Amadeo v. Zant,* 486 U.S. 214, 223, 108 S.Ct. 1771, 1777, 100 L.Ed.2d 249 (1988).

Following his conviction, Rust asserted only one assignment of error in his direct appeal: "The Court erred in imposing a three-year term of actual incarceration [because I] did not actually possess the firearm upon which the enhanced sentence was based." After the Court of Appeals rejected his assignment of error, Rust failed to appeal to the Ohio Supreme Court. More than six years later Rust filed a delayed direct appeal with the state Court of Appeals citing six assignments of error not raised in his first appeal. The Court of Appeals, citing the doctrine of *res judicata,* dismissed Rust's delayed appeal. The Ohio Supreme Court dismissed Rust's appeal, without comment, on May 1, 1991.

We will consider the cause and prejudice test if the last state court to review Rust's conviction "clearly and expressly" relied on Rust's procedural default in its decision affirming the petitioner's conviction, *Harris v. Reed,* 489 U.S. 255, 262–63, 109 S.Ct. 1038, 1042–43, 103 L.Ed.2d 308 (1989), or if the last state court to review Rust's conviction affirmed the conviction on the merits and, alternatively, on procedural grounds. *Id.* at 264 n. 10, 109 S.Ct. at 1044 n. 10. Because the Ohio Supreme Court summarily dismissed Rust's appeal without comment, we must presume that the Ohio Supreme Court relied on the procedural default expressly relied upon by the Ohio Court of Appeals. *See Ylst v. Nunnemaker,* 501 U.S. 797, ——, 111 S.Ct. 2590, 2594, 115 L.Ed.2d 706 (1991) ("[W]here, as here, the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits."). Though this presump-

tion may be rebutted by strong evidence to the contrary, *id.* 501 U.S. at ——, 111 S.Ct. at 2595, Rust failed to do so.

To establish cause a petitioner must present a substantial reason to excuse his procedural default. Rust argues attorney error to establish cause. Attorney error does not constitute cause, however, unless it constitutes ineffective assistance of counsel under the test enunciated in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). *Coleman v. Thompson,* 501 U.S. 722, —— – ——, 111 S.Ct. 2546, 2566–68, 115 L.Ed.2d 640 (1991). *See also Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 2645, 91 L.Ed.2d 397 (1986) ("[T]he question of cause for a procedural default does not turn on whether counsel erred or on the kind of error counsel may have made. So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in *Strickland v. Washington,* ... we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.").

Though ineffective assistance of counsel may constitute cause, *Murray v. Carrier,* 477 U.S. at 488, 106 S.Ct. at 2645, "the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 486–87, 106 S.Ct. at 2644. In fact, "the existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Id.* at 488, 106 S.Ct. at 2645.

The petitioner must also prove that he was actually prejudiced by the claimed constitutional error. *See United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 1595, 71 L.Ed.2d 816 (1982) (a petitioner shoulders "the burden of showing, not merely that the errors at his trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions"). Accordingly, the prejudice

component of the cause and prejudice test is not satisfied if there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim. *Id.* at 172, 102 S.Ct. at 1596.

 Rust's claim, liberally construed, presents at most an allegation of attorney error. Rust presents no evidence that some objective factor external to his defense impeded his counsel's efforts to raise his claims of error that were not raised on direct appeal. Accordingly, we conclude that Rust's appellate counsel did not render ineffective assistance under the demanding *Strickland* standard. We therefore reject Rust's first assignment of error.

### The Conviction of an Innocent Man

 In his second assignment of error, Rust alleges that the constitutional violations he asserted in his habeas corpus petition resulted in the conviction of an innocent man. If a petitioner presents an extraordinary case whereby a constitutional violation resulted in the conviction of one who is actually innocent, the cause and prejudice requirements may be overlooked and habeas relief granted. *See Murray v. Carrier*, 477 U.S. at 496, 106 S.Ct. at 2649 ("[W]e think that in an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default."). The magistrate rejected Rust's claim:

> Mr. Rust has said nothing which persuades me that he is probably innocent. At 9:40 p.m. on March 2, 1983, a Big Bear Supermarket in Springfield, Ohio, was robbed by a man with a hand gun. When this person came out of the store, he joined Rust about 10 or 15 feet from the door. Spotted by a Springfield Police officer, both men began to run. Rust tripped on something and was knocked unconscious when he fell to the ground. Police found him lying on a sawed-off shotgun with two 20–gauge shells in his pocket. Rust's explanation of this at trial ... was that he was traveling with this person, whose identity he knew but refused to reveal, when the man

coerced him into acting as a lookout while he robbed the store.

> I simply find Mr. Rust's explanation of the circumstances extremely implausible and therefore find that he is not probably innocent. Since he is not probably innocent, he is not entitled to the exception to the cause and prejudice rule established by *Murray v. Carrier.*

Magistrate's December 23, 1992 Supplemental Report and Recommendations at 2. The district court judge similarly found that Rust had "failed to demonstrate even a colorable claim of probable innocence." District Court's May 28, 1993 Decision and Entry Adopting Report and Recommendations of United States Magistrate Judge and Supplemental Report and Recommendations of United States Magistrate Judge in Their Entirety at 2. Because the record belies Rust's claim of innocence, we reject Rust's second assignment of error.

### III.

We **AFFIRM** the district court's June 2, 1993 Judgment dismissing Rust's habeas corpus petition for the aforementioned reasons.