51 F.3d 271
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Martin CORNWELL, Petitioner-Appellant,
v.
E.L. SPARKMAN, Warden, Respondent-Appellee.
 No. 94-6037.
 United States Court of Appeals, Sixth Circuit.
 March 22, 1995.
 
 1
 Before: KENNEDY and DAUGHTREY, Circuit Judges; and CLELAND, District Judge.*
 
 ORDER
 
 2
 Martin Cornwell, a pro se Kentucky prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On November 2, 1987, following a jury trial, Cornwell was convicted on charges of possession of a handgun by a convicted felon and of being a persistent felony offender. He was sentenced to fifteen years in prison. Following exhaustion of his state court remedies, Cornwell filed the instant habeas petition alleging that his trial counsel was ineffective for a variety of reasons, including failing to object to: inadmissible hearsay; the prosecution's "badgering" of a defense witness; introduction of irrelevant incidents from his criminal past; the prosecution's questions and comments regarding post-arrest silence; the prosecution's references to Cornwell's failure to call corroborating witnesses; the fact that the Commonwealth attorney had been Cornwell's defense attorney on a previous charge; and the prosecution's inflammatory comments during closing arguments.
 
 
 4
 The matter was referred to a magistrate judge who issued a report recommending that the petition be denied. Upon de novo review of the report and recommendation in light of Cornwell's objections, the district court adopted the report and recommendation in a memorandum opinion and order entered July 28, 1994. This timely appeal followed.
 
 
 5
 Upon review, we conclude that the district court properly denied Cornwell's petition for a writ of habeas corpus as Cornwell was not denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir.1993); Williamson v. Parke, 963 F.2d 863, 865 (6th Cir.), cert. denied, 113 S.Ct. 264 (1992).
 
 
 6
 Cornwell did not establish a claim for ineffective assistance of counsel that would entitle him to habeas corpus relief. To establish ineffective assistance, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir.1991). This court, however, need not determine whether counsel's performance was deficient "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice...." Strickland, 466 U.S. at 697. The burden is on the defendant to show that "he was actually prejudiced by the claimed constitutional error." Rust v. Zent, 17 F.3d 155, 161 (6th Cir.1994). A habeas petitioner must "not merely [show] that the errors at his trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." United States v. Frady, 456 U.S. 152, 170 (1982) (original emphasis).
 
 
 7
 Cornwell's trial counsel was deficient in some regards. However, the fact findings of the Kentucky Court of Appeals in Cornwell's postconviction proceedings reveal that the evidence against Cornwell was overwhelming. The prejudice component cannot be demonstrated where there is strong evidence of the petitioner's guilt. Rust, 17 F.3d at 162. The findings of the Kentucky Court of Appeals are presumed correct and no convincing evidence to the contrary exists. See Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Levine v. Torvik, 986 F.2d 1506, 1514 (6th Cir.), cert. denied, 113 S.Ct. 3001 (1993).
 
 
 8
 Accordingly, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Robert H. Cleland, United States District Judge for the Eastern District of Michigan, sitting by designation