54 F.3d 777
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 John Charles SELINSKI, Petitioner-Appellant,
v.
Richard JOHNSON, Warden, Respondent-Appellee.
 No. 94-2040.
 United States Court of Appeals, Sixth Circuit.
 May 12, 1995.
 
 1
 Before: NORRIS and DAUGHTREY, Circuit Judges; and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 John Charles Selinski, a pro se Michigan prisoner, appeals a district court order denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 3
 On April 14, 1989, following a jury trial, Selinski was convicted of conspiracy to possess with intent to deliver 650 grams of cocaine in violation of Mich. Comp. Laws Ann. Secs.750.157a and 333.7401(2)(a) (West 1991). On May 12, 1989, Selinski was sentenced to life imprisonment without the possibility of parole.
 
 
 4
 Following exhaustion of his state court remedies, Selinski filed his habeas petition raising the following claims: 1) he was denied the effective assistance of counsel in violation of the Sixth Amendment; 2) the evidence adduced at trial was insufficient to support the conviction; 3) it was legally impossible for him to accomplish the object of the conspiracy because the undercover agents carried with them packages of coffee and not cocaine; 4) the admission of evidence to the effect that the police officer accepted ten thousand dollars (presumably drug payments for Selinski) from two armed men shortly after Selinski's arrest violated his federal constitutional rights to confront and cross-examine those men; and 5) the trial court's refusal to give instructions as to lesser included offenses violated his rights under the Fourteenth Amendment. The district court determined that the petition lacked merit and denied habeas relief in an opinion and order filed August 11, 1994.
 
 
 5
 Upon review, we conclude that the district court properly denied Selinski's petition for a writ of habeas corpus as Selinski was not denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993); Williamson v. Parke, 963 F.2d 865 (6th Cir.), cert. denied, 113 S. Ct. 264 (1992).
 
 
 6
 Selinski's claim that the evidence adduced at trial was insufficient to support the conviction is without merit. The fact findings of the Michigan Court of Appeals in Selinski's direct appeal were that Selinski intentionally associated with co-defendants Michael Tomasovich and Mark Cabanaw for the purpose of purchasing the cocaine for later distribution. Other evidence included the testimony of the undercover police officers, taped phone conversations, and currency recovered. Selinski has not challenged the facts as summarized by the Michigan Court of Appeals, and therefore we presume they are correct. Sumner v. Mata, 455 U.S. 591, 597 (1982) (per curiam); Levin v. Torvik, 986 F.2d 1506, 1514 (6th Cir.), cert. denied, 113 S. Ct. 3001 (1993). Based on these facts, the evidence was amply sufficient to allow a rational jury to find Selinski guilty of a conspiracy to possess with intent to deliver 650 grams of cocaine. See Jackson v. Virginia, 443 U.S. 307, 319 (1979).
 
 
 7
 Selinski cannot establish a claim for ineffective assistance of counsel that would entitle him to habeas corpus relief. To establish ineffective assistance, it must be shown that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland v. Washington, 466 U.S. 668, 687 (1984); Lewandowski v. Makel, 949 F.2d 884, 888 (6th Cir. 1991). This court, however, need not determine whether counsel's performance was deficient "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ...." Strickland, 466 U.S. at 697. The burden is on the defendant to show that "he was actually prejudiced by the claimed constitutional error." Rust v. Zent, 17 F.3d 155, 161 (6th Cir. 1994). The prejudice component cannot be demonstrated where there is strong evidence of the petitioner's guilt. Rust, 17 F.3d at 162.
 
 
 8
 Upon review, we conclude that Selinski's ineffective assistance of counsel issue is meritless as he has not presented evidence establishing that counsel's performance prejudiced his defense. The evidence against Selinski was overwhelming.
 
 
 9
 Selinski's claim that it was legally impossible for him to accomplish the object of the conspiracy because the undercover agents carried with them packages of coffee and not cocaine is without merit. Essentially, Selinski questions how the state defined its drug offenses and treats the doctrine of impossibility. These are questions of state law. As such, they are not a proper basis for habeas corpus relief. See Estelle v. McGuire, 502 U.S. 62, 112 S. Ct. 475, 480 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir. 1993), cert. denied, 114 S. Ct. 1317 (1994). In any event, the offense of "conspiracy" does not require a completed crime under state law. See People v. Carter, 330 N.W.2d 314, 319 (Mich. 1982).
 
 
 10
 Selinski's claim that the admission of evidence to the effect that the police officer accepted ten thousand dollars from two armed men after Selinski's arrest violated his federal constitutional rights to confront and cross-examine those men is without merit. Statements of these men were not used against Selinski, and Selinski had an opportunity to cross-examine the police officer. Selinski's rights to confront and cross-examine witnesses were not violated.
 
 
 11
 Finally, Selinski's claim that the trial court's refusal to give instructions as to lesser included offenses violated his rights under the Fourteenth Amendment was properly denied. In non-capital cases, such as this one, a plurality of this court has found that the failure to instruct on a lesser-included offense is not cognizable in a federal habeas case unless petitioner was entitled to the instruction as a matter of state law. Bagby v. Sowders, 894 F.2d 792, 795-97 (6th Cir.) (en banc), cert. denied, 496 U.S. 929 (1990). See also Prather v. Rees, 822 F.2d 1418, 1423 (6th Cir. 1987).
 
 
 12
 In Michigan, instruction on a lesser-included cognate offense is only required where the evidence presented would support a finding of the elements of the lesser offenses. See People v. Beach, 418 N.W.2d 861, 867 (Mich. 1988). The evidence at trial was clear as to the amount of cocaine in question and, therefore, did not support the giving of the requested instructions as to lesser amounts. Furthermore, the crimes of attempted possession and solicitation are not cognate lesser-included offenses of the charged offense but are separate, distinct offenses, which were not charged in the case. See generally, People v. Robinson, 301 N.W.2d 41, 44 (Mich. Ct. App. 1980). There was no basis for the trial court to instruct as to them. The district court properly denied this claim.
 
 
 13
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, United States District Judge for the Eastern District of Michigan, sitting by designation