59 F.3d 170
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Obbie FRANKLIN, Jr., Petitioner-Appellant,
v.
Robert REDMAN, Respondent-Appellee.
 No. 95-1144.
 United States Court of Appeals, Sixth Circuit.
 June 22, 1995.
 
 Before: LIVELY, NELSON and SILER, Circuit Judges.
 
 ORDER
 
 1
 Obbie Franklin, Jr., appeals pro se a district court judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R. App. P. 34(a).
 
 
 2
 On September 11, 1981, after a bench trial, Franklin was found guilty of first degree murder. He was sentenced to a term of life imprisonment. After unsuccessful attempts to overturn his conviction, Franklin filed the present petition for a writ of habeas corpus raising two claims. His first claim is that he was denied the effective assistance of trial counsel when he waived his right to trial by jury upon the advice of his trial counsel. Franklin's second claim is that he was denied the effective assistance of appellate counsel because of appellate counsel's failure to raise the ineffective assistance of trial counsel issue. In his response, the respondent asserted that the federal courts are barred from reviewing the merits of Franklin's habeas corpus petition because of the procedural default doctrine.
 
 
 3
 In a report and recommendation filed July 28, 1994, a magistrate judge recommended that the habeas petition be dismissed because Franklin procedurally defaulted on his ineffective assistance of trial counsel claim. Upon de novo review of the report and recommendation, in light of Franklin's objections, the district court adopted the report and recommendation, and denied habeas corpus relief in an opinion and judgment filed January 13, 1995.
 
 
 4
 Initially, we note that Franklin has waived his right to appeal the magistrate judge's finding that there was no showing of cause for the procedural default. This court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. Sec. 636(b)(1)(C) in order to preserve the right to appeal a subsequent order of the district court adopting and approving that report. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Willis v. Sullivan, 931 F.2d 390, 400-01 (6th Cir. 1991). Where a magistrate judge prepares a report and recommendation, only those issues to which specific objections are filed are reviewable upon adoption of the report. See Smith v. Detroit Fed'n of Teachers, Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).
 
 
 5
 Franklin's objections to the report and recommendation do not address the finding in the report and recommendation that there was no showing of cause for the procedural default. Rather, Franklin contended that he is factually innocent. While waiver may be excused under exceptional circumstances in the interests of justice, Thomas, 474 U.S. at 155 & n.15, no such circumstances exist in this case. Franklin was not denied a fundamentally fair trial. See Wright v. Dallman, 999 F.2d 174, 178 (6th Cir. 1993).
 
 
 6
 Franklin's claims were precluded by his procedural default in the Michigan state courts and he has failed to demonstrate cause and prejudice for failing to comply with the state court rules. See Coleman v. Thompson, 501 U.S. 722, 749-50 (1991). Appellate counsel's failure to raise the ineffective assistance of trial counsel claim on Franklin's first appeal as of right did not rise to a level of ineffective assistance of counsel and, therefore, Franklin has not shown cause. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Moreover, Franklin cannot show actual prejudice because there was overwhelming evidence of his guilt. See Rust v. Zent, 17 F.3d 155, 162 (6th Cir. 1994). Finally, Franklin has failed to show that a miscarriage of justice would occur if his claim is not heard on the merits. Id. The innocent man exception does not apply.
 
 
 7
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.