64 F.3d 662
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Brian Keith BROOKS, Petitioner-Appellant,
v.
Joseph ABRAMAJTYS, Respondent-Appellee.
 No. 95-1208.
 United States Court of Appeals, Sixth Circuit.
 Aug. 18, 1995.
 
 Before: RYAN, BATCHELDER and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Brian Keith Brooks, pro se, appeals a district court order dismissing his petition for a writ of habeas corpus which he filed pursuant to 28 U.S.C. Sec. 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1990, Brooks pleaded guilty to armed robbery in violation of Michigan law. As part of a plea bargain, Brooks pleaded guilty to a second charge of armed robbery. In return, the charges of possession of a firearm and repeat felony offender, attached to each of the armed robbery charges, were dismissed. Thereafter, a state circuit court judge sentenced Brooks to a prison term of 5-40 years on the first armed robbery conviction. On August 28, 1990, a different circuit court judge sentenced Brooks to a prison term of 8-25 years on the second.
 
 
 3
 Brooks then filed a motion for resentencing. This motion was heard on November 26, 1990, and denied. Brooks appealed this decision to the state court of appeals, presenting the following two issues: 1) whether the 8-25 year prison sentence that he received was "disproportionate" under state law principles; and 2) whether the two different sentences by the two separate judges violated "public sentencing policy." The state court of appeals affirmed the petitioner's sentences, and the Michigan Supreme Court denied his application for leave to appeal that decision.
 
 
 4
 Brooks then filed his first federal habeas petition in U.S. district court, raising the two issues set forth, above. This prior petition was referred to a magistrate judge, who recommended that these two claims should be denied because only state law claims were implicated, rather than constitutional claims. The magistrate judge also recommended that the petition should be dismissed as a mixed petition, because a third claim that Brooks had raised had not been presented to the state courts for resolution, and, therefore, the exhaustion requirement had not been met. The district court adopted that recommendation and dismissed the petition on November 12, 1992. Thereafter, Brooks returned to state court and filed a motion for relief from judgment. The trial court judge denied Brooks's motion for relief, the Michigan Court of Appeals dismissed, on the grounds of lack of merit, a delayed application to appeal that decision, and the Michigan Supreme Court denied Brooks's application for leave to appeal to that court, based on Michigan Court Rule 6.508(D).
 
 
 5
 In his second federal petition for habeas relief, Brooks raised the first two issues that he had already raised in his prior federal habeas petition. He also raised a third issue, whether his sentence of 8-25 years on the second robbery conviction violated the plea agreement under which Brooks allegedly was promised 5-year minimum terms for each of the armed robbery convictions. This second petition was referred to another magistrate judge, who first noted that the first two issues had been resolved in the prior case on the basis that they were purely matters of state law not cognizable in a federal habeas petition. The magistrate judge ultimately concluded that the Michigan Supreme Court, which had issued the last state court opinion in Brooks's case, had "clearly based its decision" on Michigan Court Rule 6.508(D) and that this rule, in itself, announced a procedural default rule under state law. The magistrate judge next determined that Brooks presented no cause or prejudice for his failure to raise the third claim in state court, but that, in any event, there was no merit to the claim that promises had been made to him regarding his sentence to induce him to plead guilty. Thus, the magistrate judge recommended that the petition for a writ of habeas corpus should be denied.
 
 
 6
 Brooks filed objections to this Report and Recommendation, raising the sole issue of whether the Michigan Supreme Court had relied on a state procedural rule to deny Brooks's application to appeal his third claim in state court. The district court, after a de novo review of the Report and Brooks's objections, agreed with the magistrate judge that the Michigan Supreme Court had denied relief to Brooks based upon a procedural default, as delineated in Michigan Court Rule 6.508(D). Thus, the district court dismissed the petition.
 
 
 7
 On appeal, Brooks repeats his argument that his plea agreement contained a promise that Brooks would receive a minimum 5-year prison sentence on both armed robbery convictions. Brooks also moves this court for the appointment of counsel and for in forma pauperis status on appeal.
 
 
 8
 A writ of habeas corpus may issue to correct a fundamentally unfair trial or proceeding resulting in the unjust confinement of a petitioner. Clemmons v. Sowders, 34 F.3d 352, 356 (6th Cir.1994). Upon review, this court first concludes that the magistrate judge and district court properly found that the first two issues in Brooks's current petition were resolved on the merits in the prior case. These two issues involve matters purely of state law, which rarely serve as the bases for habeas corpus relief and provide relief only where the petitioner is denied fundamental fairness in the trial process, Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Serra v. Michigan Dep't of Corrections, 4 F.3d 1348, 1354 (6th Cir.1993), cert. denied, 114 S.Ct. 1317 (1994), which Brooks has failed to establish.
 
 
 9
 Next, the magistrate judge and the district court properly concluded that when the Michigan Supreme Court denied Brooks's delayed application for leave to appeal, the state court had relied on a plain statement of procedural default by referring to Michigan Court Rule 6.508(D). Moreover, Brooks presented no sufficient cause for failing to raise his third claim in state court, to permit federal habeas review of the claim. Coleman v. Thompson, 501 U.S. 722, 750 (1991); Teague v. Lane, 489 U.S. 288, 297-98 (1989). Furthermore, this claim is meritless, because the record clearly supports the respondent's argument that no such promises of 5-year minimum sentences were made to Brooks, either as part of the negotiation for the plea bargain, or within the plea arrangement, itself. Lastly, nothing in the record justifies applying a "fundamental miscarriage of justice" exception to the cause and prejudice analysis in this matter. Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Rust v. Zent, 17 F.3d 155, 162 (6th Cir.1994). Accordingly, the petitioner's motion to proceed in forma pauperis is granted for the limited purpose of deciding this appeal, his motion for the appointment of counsel is denied, and the district court's order dismissing the habeas petition is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.