97 F.3d 1451
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William HALCZYSZAK, Petitioner-Appellant,
v.
Norris McMACKIN, Respondent-Appellee.
 No. 95-4058.
 United States Court of Appeals, Sixth Circuit.
 Sept. 10, 1996.
 
 Before: BOGGS, and NORRIS, Circuit Judges; and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 The petitioner-appellant appeals the denial of his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. For the reasons that follow, the decision of the district court is affirmed.
 
 I.
 
 2
 Ann Halczyszak (A. Halczyszak) and William Halczyszak (W. Halczyszak) salvaged, repaired and resold cars. They worked out of a Cleveland, Ohio, salvage yard owned by W. Halczyszak. By January 1987, W. Halczyszak had acquired a 1983 and a 1985 Mercury Cougar. Someone, presumably co-defendant Steve Halczyszak (S. Halczyszak) (acquitted on motion at the close of the prosecution's case), combined the two Cougars into a single car. The frame and body of the resulting car came from the 1983 Cougar. The Vehicle Identification Number etched on a metal plate near the front windshield (public VIN) and other parts were incorporated from the 1985 Cougar.
 
 
 3
 In January of 1987, A. Halczyszak took the resulting salvage car to the Ohio State Highway Patrol, Elyria District. She gave Trooper John March two "blue" or "salvage" title certificates, one for the 1985 and one for the 1983 Cougar. She told Trooper March that the rear quarter panels were the only parts taken from the 1983 car. Trooper March compared the public VIN with the VIN on the 1985 title and, believing everything to be in order, issued a "yellow" or "clear" certificate of title for the Cougar, model year 1985, in the name of William Halczyszak.
 
 
 4
 Two weeks later, W. Halczyszak transferred ownership of the car to A. Halczyszak. A. Halczyszak then took the car and the title to North Coast Nissan in Middleburg, Ohio, where she sold the car for $7,800. North Coast Nissan promptly resold the car for $8,000 to Ganley Lincoln Mercury.
 
 
 5
 In April of 1987, two detectives from the Auto Theft Unit of the Cleveland Police Department engaged in a routine inspection of W. Halczyszak's salvage yard. Coming across the frame and body of the 1985 Cougar, they noticed that the public VIN was absent. The detectives ran a check on the VIN of the 1985 Cougar, which was obtained from another VIN inside the front wheel housing. The VIN check indicated that the VIN corresponded to the VIN of a vehicle registered as a 1985 Cougar with Ganley Lincoln Mercury.
 
 
 6
 Ohio authorities eventually arrested the Halczyszaks and a jury convicted them of grand theft in violation of OHIO REV.CODE § 2913.02; concealing the identity of a motor vehicle in violation of OHIO REV.CODE § 4549.62; and knowingly possessing an unlawfully obtained certificate of title in violation of OHIO REV.CODE § 4504.19(C).
 
 
 7
 W. Halczyszak filed a direct appeal with the Ohio Court of Appeals. Rejecting his argument that the evidence adduced at trial was insufficient to support a conviction, the court of appeals affirmed his conviction. The Ohio Supreme Court denied his motion for leave to appeal and dismissed his appeal sua sponte finding no substantial constitutional question. A subsequent delayed application for reconsideration of his direct appeal was unsuccessful.
 
 
 8
 W. Halczyszak then instigated a collateral attack on his sentence in the Cuyahoga County Court of Common Pleas. Dispensing with a number of his claims on the basis of res judicata, the court dismissed his petition and motion. The court of appeals affirmed and the Ohio Supreme Court denied a motion for leave to appeal.
 
 
 9
 W. Halczyszak then sought relief in federal district court filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court denied the petition and a timely appeal followed.
 
 II.
 
 10
 In his petition, W. Halczyszak sets out the following six grounds for relief, some of which evidently overlap: (1) violation of due process by virtue of a lack of sufficient evidence to support his convictions; (2) denial of effective assistance of trial and appellate counsel; (3) a separate claim of denial of effective assistance of counsel; (4) a conflict of interest among his attorneys; (5) another separate claim of denial of effective assistance of appellate counsel; and (6) denial of due process in that he was illegally sentenced. As discussed below, most of these claims were not preserved for habeas review. Those that were are without merit.
 
 A. Procedural Default
 
 11
 Subject to a number of exceptions, before presenting a claim on federal habeas, a petitioner must first present that claim to state court so that the state court has a fair opportunity to cure the alleged deficiency, 28 U.S.C. § 2254(b), (c); Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). The petitioner bears the burden of showing that he has exhausted all state remedies. Rust, 17 F.3d at 160. A defaulted claim will be considered only where the petitioner can show cause for the default and prejudice arising therefrom or can demonstrate that a "fundamental miscarriage of justice" will result if the federal claim is not presented. Murray v. Carrier, 477 U.S. 478, 495-96 (1986); Rust, 17 F.3d at 162.
 
 
 12
 Those claims enumerated above as 2, 3, 4, and 6 were determined by the district court to have been procedurally defaulted. However, as W. Halczyszak does not pursue these claims on appeal they are therefore considered abandoned and not reviewable. Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992).
 
 B. Reviewable Claims
 1. Evidentiary Hearing
 
 13
 W. Halczyszak claims that, in view of the affidavit of A. Halczyszak attached to his petition for post conviction relief, it was necessary to have a federal habeas evidentiary hearing regarding the source of the parts which went on the composite vehicle and the true identity of the person who sold the vehicle to North Coast Nissan.
 
 
 14
 These issues were presented and decided at the state court level. Findings of fact by the trial and appellate court are presumed correct unless the petitioner shows that they are not fairly supported by the record. Marshall v. Lonberger, 459 U.S. 422 (1983). Having failed to show that the disputed findings are not fairly supported by the record, W. Halczyszak is not entitled to an evidentiary hearing.
 
 
 15
 Even assuming that these issues were somehow not fully fleshed out, W. Halczyszak provides no explanation for his failure to adequately pursue his opportunity to develop these facts in state court. Principles of comity dictate that:
 
 
 16
 Just as the State must afford the petitioner a full and fair hearing on his federal claim, so must the petitioner afford the State a full and fair opportunity to address and resolve the claim on the merits.
 
 
 17
 Kenney v. Tamayo-Reyes, 504 U.S. 1, 10 (1992) (citation omitted). W. Halczyszak has not shown either cause and prejudice or fundamental miscarriage of justice. Id. at 7-9. Consequently, besides being without merit, the claim of entitlement to an evidentiary hearing has been procedurally defaulted.
 
 2. Sufficiency of the Evidence
 
 18
 W. Halczyszak claims that the State of Ohio did not present sufficient evidence of his guilt at trial, thereby violating his rights under the Due Process Clause of the Fourteenth Amendment. This same claim was raised and rejected in state court both on direct appeal and collateral attack. In addition, the district court below found the claim to be without merit.
 
 
 19
 We need only ask if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979). The evidence presented is to be viewed in the light most favorable to the state. Stacy v. Love, 679 F.2d 1209, 1213 (6th Cir.), cert. denied, 459 U.S. 1009 (1982). Any conflicting inferences arising from the record must be resolved in favor of the prosecution. Walker v. Engle, 703 F.2d 959, 969 (6th Cir.), cert. denied, 464 U.S. 962 (1983).
 
 
 20
 Having considered the evidence presented and the elements of the offenses, we are persuaded that a sufficient quantum of evidence was presented to support conviction on each offense. The following circumstances were such that a reasonable jury could have implicated W. Halczyszak: he owned the salvage yard where the two Cougars were combined; he originally owned both of the Cougars; the title obtained from the highway patrol was in his name; and he transferred title to A. Halczyszak just before she sold the composite car to North Coast Nissan. In addition, with respect to the requisite mental state, the state court found that the "appellants knowingly possessed a Mercury Cougar in which the VIN had been altered." Such a finding is presumptively correct, Sumner v. Mata, 449 U.S. 539, 550 (1981), and there is nothing to contradict this finding.
 
 
 21
 The district court below discussed at length the evidence supporting each of the requisite elements. As we agree with the district court's assessment, to repeat that analysis here would only be duplicative. Circumstantial evidence may support a conviction, Tilley v. McMackin, 989 F.2d 222, 225 (6th Cir.1993), and such evidence need not remove every reasonable hypothesis except that of guilt. Taking into account the responsibility of the trier of fact to resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from the basic facts to the ultimate facts, Neal v. Morris, 972 F.2d 675, 677-78 (6th Cir.1992), we are persuaded that the evidence here was sufficient.
 
 3. Assistance of Counsel
 
 22
 A defendant has a constitutional right to the effective assistance of counsel on his first direct appeal of a state court criminal conviction. Evitts v. Lucey, 469 U.S. 387, 396 (1985). In order to show ineffective assistance of counsel, a defendant must show that counsel's performance fell outside the broad range of reasonable professional service and that the results of the appeal would have been different but for counsel's errors. Strickland v. Washington, 466 U.S. 668, 687 (1984). There is a strong presumption that counsel's performance falls within the range of reasonable professional assistance. Id. at 688. A habeas petitioner must affirmatively prove prejudice. Id.
 
 
 23
 In claiming that his appellate counsel should have claimed ineffective assistance of trial counsel, W. Halczyszak puts stock in a certain mystery witness who he claims would have testified as to selling the car to the first dealership. The only source of information about this witness, however, is the self-serving affidavit of A. Halczyszak. Even assuming that the affidavit is true, and also assuming that trial counsel was deficient in failing to call this witness, there is no prejudice to W. Halczyszak. The fact that another person sold the car to the dealership does not distance W. Halczyszak from aiding and abetting liability for the theft or from liability for possession of a title obtained by fraud, or from liability for concealing the identity of an automobile. Without prejudice, it would have been fruitless for appellate counsel to raise the issue.
 
 
 24
 W. Halczyszak also argues that his trial counsel was inherently ineffective because of joint representation with S. Halczyszak, who was acquitted. However, there is nothing inherently suspect about joint representation; such a claim must rest on proof of an actual conflict of interest. Cuyler v. Sullivan, 446 U.S. 335, 347 (1980). Because no such conflict is argued, this argument fails.
 
 
 25
 Contrary to W. Halczyszak's next claim, the record shows that a stipulation as to prior convictions was entered and were specified in the indictment. In addition, the prior convictions were specified in the indictment. A separate sentencing hearing was not necessary. Thus his sentence was proper.
 
 
 26
 W. Halczyszak also assigns error to the failure of trial counsel to move for a separate trial following introduction of a statement by S. Halczyszak to the effect that he believed it was lawful to change VINs and that it was done all the time. Because this statement was not made in the presence of the petitioner or in such a context as to apply to him, a motion for a separate trial was not necessary.
 
 
 27
 Finally, there was no error in failing to pursue a motion to suppress based on the inspection at the salvage yard. No search warrant is necessary for routine administrative searches and there was no claim that the search was actually undertaken to obtain evidence to be used in a criminal trial. New York v. Burger, 482 U.S. 691, 703-04 (1987).
 
 
 28
 Having examined each of the alleged inadequacies of trial counsel, we agree with the district court that appellate counsel was not ineffective in failing to raise this Sixth Amendment issue.
 
 III.
 
 29
 For the foregoing reasons, the decision of the district court denying the petition for a writ of habeas corpus is AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation