103 F.3d 129
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert DONALDSON, Petitioner-Appellant,
v.
Harry K. RUSSELL, Warden, Respondent-Appellee.
 No. 96-3061.
 United States Court of Appeals, Sixth Circuit.
 Dec. 5, 1996.
 
 Before: LIVELY, NELSON, and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Robert Donaldson appeals a district court judgment dismissing his petition for a writ of habeas corpus filed under 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Following a jury trial in the Wood County, Ohio, Court of Common Pleas in 1986, petitioner was convicted of felonious assault with a firearm specification and of having a weapon while under a disability. Petitioner was sentenced to imprisonment for 10 to 15 years on the felonious assault conviction, with a consecutive 3 year term of actual incarceration on the firearm specification, plus a concurrent 1 1/2 to 5 year term on the weapon conviction. Petitioner's convictions and sentences were affirmed by the Ohio Court of Appeals, and the Ohio Supreme Court denied leave to appeal.
 
 
 3
 Thereafter, petitioner filed numerous motions for post-conviction relief in the trial court. Several of these motions remained pending when petitioner filed the instant habeas corpus petition in the district court. The district court dismissed the petition for failure to exhaust available state court remedies and denied petitioner a certificate of probable cause to appeal. Petitioner filed a timely notice of appeal, and this court granted petitioner a certificate of probable cause.
 
 
 4
 On appeal, petitioner contends that his failure to exhaust state court remedies should be excused because the state trial judge is biased against him. Respondent contends that the failure should not be excused. Upon consideration, we conclude that the judgment of the district court should be affirmed essentially for the reasons stated by the district court in its opinion and order filed December 6, 1995.
 
 
 5
 This court reviews the dismissal of a petition for a writ of habeas corpus de novo. Carter v. Sowders, 5 F.3d 975, 978 (6th Cir.1993), cert. denied, 114 S.Ct. 1867 (1994). Generally, a § 2254 petitioner is required to fairly present claims to the state courts before seeking federal habeas relief. See Castille v. Peoples, 489 U.S. 346, 349 (1989). A petitioner bears the burden of proving that he has exhausted available state court remedies. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). However, exhaustion may be excused where the state remedial process is ineffective to protect petitioner's rights through circumstances such as an inordinate delay in adjudicating federal claims. Workman v. Tate, 957 F.2d 1339, 1344 (6th Cir.1992). Here, petitioner clearly did not exhaust available state court remedies before seeking federal habeas corpus relief, and it is concluded that petitioner's failure to exhaust these remedies should not be excused under the circumstances of this case. Cf. Workman, 957 F.2d at 1244.
 
 
 6
 Accordingly, the judgment of the district court is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.