107 F.3d 11
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
David E. HARRISON, Petitioner-Appellant,
v.
Carl ANDERSON, Warden, Respondent-Appellee.
 No. 96-3296.
 United States Court of Appeals, Sixth Circuit.
 Feb. 7, 1997.
 
 1
 Before: KENNEDY, NELSON, and GODBOLD,* Circuit Judges.
 
 ORDER
 
 2
 David E. Harrison appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1985, a state court jury convicted Harrison of rape and gross sexual imposition. The state trial court sentenced Harrison to ten to twenty-five years of imprisonment for the rape conviction and a consecutive two year term of imprisonment for the gross sexual imposition conviction. In his habeas petition, Harrison alleged that: 1) the trial court improperly permitted the five year old victim to testify at trial; 2) insufficient evidence existed to support the convictions; and 3) the state improperly denied him an opportunity to take a polygraph examination.
 
 
 4
 Over Harrison's objections, the district court adopted a magistrate judge's recommendation that the petition be dismissed on the ground that Harrison had procedurally defaulted his claims in state court. Harrison has filed a timely appeal, in which he requests the appointment of counsel.
 
 
 5
 Upon review, we conclude that the district court properly denied Harrison's petition for a writ of habeas corpus. The district court properly concluded that Harrison had procedurally defaulted review of his claims in state court. Before seeking federal habeas corpus relief, a state prisoner must first exhaust his available state court remedies by fairly presenting all of his claims to the state courts. Hannah v. Conley, 49 F.3d 1193, 1196 (6th Cir.1995). Following his conviction, Harrison appealed to the Ohio Court of Appeals, raising the first two issues presented in his federal habeas petition. After the Ohio Court of Appeals affirmed his conviction, Harrison sought review in the Ohio Supreme Court--but he failed to file a memorandum in support of jurisdiction, as required by that court's rules. Consequently, the court dismissed the appeal for failure to prosecute. Harrison subsequently petitioned the state trial court to vacate his sentence, raising the third claim presented in his federal habeas petition. The trial court denied this motion, and the Ohio Court of Appeals affirmed the denial. The Ohio Supreme Court dismissed Harrison's subsequent appeal because Harrison again failed to file a memorandum in support of jurisdiction. Harrison did not exhaust his remedies in the state system, the state's highest court never having been accorded a full and fair opportunity to rule on his claims. Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994). Harrison has no remaining state remedies, moreover, because he is now barred from challenging his conviction on any ground that could have been raised and resolved in his direct criminal appeal or in his first state habeas petition. State v. Perry, 226 N.E.2d 104, 108-09 (Ohio 1967).
 
 
 6
 Because Harrison never fairly presented his claims to the Ohio Supreme Court, he has lost the right to obtain federal review of his claims. All of the requirements for a procedural default are met in this case. Harrison did not comply with the Ohio Supreme Court's procedural rule that required him to file a memorandum in support of jurisdiction. The Ohio Supreme Court invoked this procedural rule as the basis for its decision to reject review of his claims. Coleman v. Thompson, 501 U.S. 722, 729-30 (1991). The procedural default is an "adequate and independent" state ground that forecloses review of a federal constitutional claim. See Rust, 17 F.3d at 160.
 
 
 7
 Because Harrison procedurally defaulted his claims in state court, he must show cause for and prejudice from his default if his failure to comply with the state procedural rule is to be excused. Coleman, 501 U.S. at 750. Harrison has not argued cause to excuse his procedural default, nor is cause apparent from the record. Further, no prejudice exists because his claims are without merit. Harrison's issues concerning the admissibility of evidence do not rise to a constitutional level because they are not so egregious that he was denied a fundamentally fair trial. Clemmons v. Sowders, 34 F.3d 352, 357-58 (6th Cir.1994). Sufficient evidence also exists to support Harrison's convictions. Jackson v. Virginia, 443 U.S. 307, 324 (1979).
 
 
 8
 Accordingly, this court denies Harrison's request for counsel and affirms the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable John C. Godbold, United States Circuit Judges for the Eleventh Circuit, sitting by designation