110 F.3d 63
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James M. BOOTH, Petitioner-Appellant,
v.
Howard CARLTON, Warden, Respondent-Appellee.
 No. 95-6448.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 1
 Before: MERRITT and BOGGS, Circuit Judges; BECKWITH, District Judge.*
 
 ORDER
 
 2
 James M. Booth, a pro se Tennessee prisoner, appeals a district court order dismissing his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 On February 8, 1990, a jury convicted Booth of aggravated assault and second degree murder. The Tennessee Court of Criminal Appeals affirmed in part, vacated in part, and remanded the case to the trial court to conduct a new sentencing hearing. The state supreme court denied discretionary review.
 
 
 4
 In 1993, Booth filed a pro se petition for post-conviction relief in the trial court and raised one issue of prosecutorial misconduct and twelve issues of ineffective assistance of trial counsel in his pro se brief. The trial court denied relief and appointed counsel to represent Booth on appeal. The appellate court affirmed the trial court's judgment, and the state supreme court again denied discretionary review.
 
 
 5
 In 1995, Booth filed the instant habeas corpus petition in federal court. In his petition, he asserted that: 1) he received ineffective assistance of counsel because counsel actively assisted the prosecutor and did not object to the prosecutor's motion to reopen the case; 2) he received ineffective assistance of counsel because counsel did not submit favorable evidence to the jury that Booth acted in self-defense; and 3) the guilty verdict on the murder charge was supported by insufficient evidence. The district court dismissed the petition, reasoning that Booth failed to exhaust available state court remedies as to his first claim.
 
 
 6
 Booth filed a timely appeal. His brief is construed as presenting the issues raised before the district court. He argues that he can show cause to excuse his failure to exhaust state court remedies as to the first issue. Booth also argues that the state and state courts wrongly refused to supply a complete trial transcript.
 
 
 7
 Initially, we note that Booth's claim regarding the state's refusal to provide him with a transcript is not reviewable on appeal. Unless exceptional circumstances are present, this court will not address an issue not first raised in the district court. Foster v. Barilow, 6 F.3d 405, 407 (6th Cir.1993). No exceptional circumstances exist in this case.
 
 
 8
 Upon review, we conclude that the district court's judgment should be affirmed for reasons other than those stated by the district court. See City Mgmt. Corp. v. U.S. Chem. Co., 43 F.3d 244, 251 (6th Cir.1994). Booth is not entitled to habeas corpus relief because he did not show that the proceedings against him were fundamentally unfair. See Clemmons v. Sowders, 34 F.3d 352, 366 (6th Cir.1994).
 
 
 9
 Booth procedurally defaulted his first claim as he did not present the issue to the highest state court, see 28 U.S.C. § 2254(b); Rust v. Zent, 17 F.3d 155, 160 (6th Cir.1994), and as he is now time-barred from presenting this issue to the state courts. See Tenn.Code Ann. § 40-30-102 (1996).
 
 
 10
 Booth argues that cause exists to excuse his procedural default because his post-conviction appellate counsel excluded this issue without Booth's knowledge. See Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). However, attorney error only constitutes cause if it amounts to constitutionally ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984). See Coleman, 501 U.S. at 753-54. Here, counsel's omission of the issue on appeal does not constitute cause because Booth has no constitutional right to have every nonfrivolous issue raised on appeal, see Jones v. Barnes, 463 U.S. 745, 750-54 (1983), and tactical choices regarding issues on appeal are properly left to the sound judgment of counsel. See United States v. Perry, 908 F.2d 56, 59 (6th Cir.), cert. denied, 498 U.S. 1002 (1990). As Booth has failed to show cause, this claim cannot be considered in federal court. See Coleman, 501 U.S. at 750-51.
 
 
 11
 As to the second and third issues, the respondent concedes that Booth properly exhausted his state court remedies. Booth's second claim is without merit as he has not identified any evidence that counsel did not present which shows that Booth acted in self-defense. Thus, he did not demonstrate that his attorney's performance was deficient and that the deficient performance so prejudiced the defense as to render the trial unfair and the result unreliable. Strickland, 466 U.S. at 687.
 
 
 12
 In his third claim, Booth essentially argues that there was insufficient evidence to convict him as he acted in self-defense. This claim is without merit because the due process guarantee of sufficiency of the evidence extends only to facts needed to establish the elements of the crime and not to the state's burden to prove the absence of an affirmative defense. Allen v. Redman, 858 F.2d 1194, 1196-98 (6th Cir.1988). As self-defense is not an element of either of Booth's crimes, habeas corpus review is precluded. See Tenn.Code Ann. §§ 39-13-102, 39-13-210 (1996).
 
 
 13
 Accordingly, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Sandra S. Beckwith, United States District Judge for the Southern District of Ohio, sitting by designation