118 F.3d 1211
 Edward SPREITZER, Petitioner-Appellee/Cross-Appellant,
v.
Howard A. PETERS, III, Director, Illinois Department of
Corrections, and Richard B. Gramley, Warden,
Pontiac Correctional Center,
Respondents-Appellants/Cross-Appellees.
 Nos. 96-1467, 96-1520.
 United States Court of Appeals,
Seventh Circuit.
 Submitted June 6, 1997.
Decided Aug. 11, 1997.
 
 Before POSNER, Chief Judge, and CUMMINGS, BAUER, COFFEY, FLAUM, EASTERBROOK, RIPPLE, MANION, KANNE, ROVNER, DIANE P. WOOD and EVANS, Circuit Judges.
 
 
 1
 On consideration of the petition for rehearing with suggestion for rehearing en banc filed in the above-captioned case by petitioner-appellee, all of the judges on the original panel have voted to deny and a majority of active judges has voted not to rehear en banc. Judge Ilana Diamond Rovner dissented from the denial of the petition for rehearing en banc and filed an opinion which was joined by Judge Diane P. Wood.
 
 
 2
 The petition for rehearing is DENIED.
 
 
 3
 ROVNER, Circuit Judge, with whom DIANE P. WOOD, Circuit Judge, joins, dissenting from the denial of rehearing en banc.
 
 
 4
 I dissent from the denial of rehearing en banc in this case because the panel's opinion emasculates the rule of Holloway v. Arkansas, 435 U.S. 475, 98 S.Ct. 1173, 55 L.Ed.2d 426 (1978), and misuses our holding in United States v. Fish, 34 F.3d 488 (7th Cir.1994). The effect of the panel's opinion is to eliminate virtually all conflict of interest claims a defendant could bring. Holloway requires the trial court to adequately inquire into any conflict of interest of which the court becomes aware. In Fish, we held that in conducting a Holloway inquiry, a trial court is entitled to rely on the representations of counsel regarding the absence of a conflict. By now holding that a trial court is entitled to rely on a potentially conflicted counsel's silence in finding the absence of a conflict, the panel's opinion has all but eliminated the Holloway inquiry. See Spreitzer v. Peters, et al., 114 F.3d 1435, 1448-52 (7th Cir.1997).
 
 
 5
 The trial court here conducted a Holloway inquiry upon first learning of the potential conflict and ordered that Dockery, a prosecutor-turned-public defender who had participated in the decision to indict Spreitzer, not participate in Spreitzer's defense. Although Dockery's name later began to appear on the defendant's pleadings, the court conducted no further inquiry in the face of this apparent violation of its earlier order. I believe the appearance of Dockery's name on the pleadings constitutes prima facie evidence of his involvement in the case, requiring the trial court to inquire further under Holloway. The panel's opinion assumes that the public defender's silence at this juncture indicates as a matter of law that there was no conflict of interest. That conclusion is not supported by Fish, which merely held that the trial court could rely on counsel's representations in conducting the Holloway inquiry. In effect, the panel's opinion takes a judge's responsibility and places it solely in the hands of a possibly conflicted attorney. We would hope that officers of the court would be forthcoming and honorable, but sadly, experience has shown us that that is not always the case.
 
 
 6
 To assume as a matter of law that the Public Defender, whose name appears on the defendant's briefs, has no involvement in a case conducted by his staff is incongruous. The Public Defender is, after all, ultimately responsible to both the public and the court for these filings. I cannot be certain that Dockery was involved in Spreitzer's defense, but I am certain that the appearance of Dockery's name on Spreitzer's pleadings should have triggered a second Holloway inquiry. In my view, this case should be remanded so that the district court can assure itself that Spreitzer's defense was not compromised by a conflict of interest.