Edward SPREITZER, Petitioner–
Appellee Cross–Appellant,

v.

Howard A. PETERS, III, Director, Illinois
Department of Corrections; and Rich-
ard B. Gramley, Warden, Pontiac Cor-
rectional Center, Respondents–Appel-
lants Cross–Appellees.

Nos. 96–1467, 96–1520.

United States Court of Appeals,
Seventh Circuit

Sept. 15, 1997.

## ORDER

In the last sentence of our opinion issued
on May 23, 1997, we reversed the district
court's grant of habeas corpus on the issue of
sentencing and affirmed the denial of the
issues raised by Mr. Spreitzer on cross-ap-
peal. *Spreitzer v. Peters,* 114 F.3d 1435,
1458 (7th Cir.1997). We also stated that
"[t]he death sentence should be reinstated."
*Id.* In his reply brief, Spreitzer requested
that, if we ultimately ruled against Spreitzer,
the case be remanded to the district court for
its consideration of those issues not ad-
dressed in the district court's memorandum
opinion and order of January 31, 1996. Re-
ply Brief of Cross–Appellant at 15. In his
Petition for Rehearing with Suggestion for
Rehearing En Banc, Spreitzer requested that
we modify our opinion to remand the case
with instructions that the district court con-
sider those issues it had previously left unre-
solved. Petition for Rehearing at 13.

On August 11, 1997, the Court denied
Spreitzer's Petition for Rehearing with Sug-
gestion for Rehearing En Banc. *Spreitzer v.
Peters,* 118 F.3d 1211, 1212 (7th Cir.1997)(en
banc). On August 15, 1997, Spreitzer filed a
"Motion for Clarification of Order Denying
Rehearing," wherein Spreitzer again asks us
to modify our opinion of May 23, 1997 to
remand the case with instructions for the
district court to consider those claims not
previously resolved.

We have previously stated that "[t]he bet-
ter practice in habeas corpus death cases is
for the judge to rule on all the grounds
presented in the petition, so that the appel-
late court can decide the entire case in one
round, without the interminable delays that
characterize postconviction proceedings in
such cases." *Stewart v. Peters,* 958 F.2d
1379, 1388 (7th Cir.), *modified,* 958 F.2d at
1388 (7th Cir.), *cert. denied,* 506 U.S. 883, 113
S.Ct. 239, 121 L.Ed.2d 173 (1992). In *Stew-
art,* although the parties failed to raise the
issue of the need for a remand to consider
unresolved issues in their briefs or at oral
argument, they did raise it in the petition for
rehearing and in the answer thereto. *Id.*
The Court modified its decision and remand-
ed the case "for further proceedings consis-
tent with our opinion, thus leaving it to the
district judge to decide in the first instance
what further proceedings are proper in this
case." *Id.*

We believe that the course followed in
*Stewart* is appropriate for this case. Accord-
ingly, Spreitzer's Motion for Clarification is
GRANTED to the extent that the Court's
opinion of May 23, 1997 is hereby modified to
reflect that the case is remanded to the
district court for further proceedings consis-
tent with our decision. Pursuant to our opin-
ion, the reinstatement of Spreitzer's death
sentence remains in effect, with the only
change being that it is reinstated pending the
district court's determination of any remain-
ing issues on remand. The petition for re-
hearing having been denied, the mandate
shall issue forthwith.