Jessie L. **JONES**, Petitioner,

v.

Charles **JONES**, Warden, Respondent.

No. 1:98–CV–427.

United States District Court,
E.D. Tennessee,
at Chattanooga.

Nov. 16, 1999.

Jessie L. Jones, Wartburg, TN, pro se.

Erik W. Daab, Office of the Attorney General, Nashville, TN, for Charles Jones.

## MEMORANDUM

COLLIER, District Judge.

Petitioner Jessie L. Jones ("Jones") has filed a *pro se* motion for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. Jones seeks review of his 1985 state convictions for one count of armed robbery, one count of aggravated assault, and his sentence as a habitual criminal offender. In his § 2254 petition, Jones contends his judgment of conviction and sentence should be vacated, set aside, or corrected because the Tennessee court enhanced his sentence by using an unconstitutional guilty plea from the state of Idaho (Court File No. 1). Petitioner also contends he has had ineffective counsel at each stage of his state court proceedings (Court File No. 7).

The respondent has filed a motion to dismiss (Court File No. 10). In response to petitioner's amendment, the respondent filed a motion for summary judgment and to dismiss (Court File No. 35). After reviewing the record and the applicable law, the Court concludes the § 2254 petition is without merit and it will be **DENIED**.

## I. STANDARD OF REVIEW

Jones may obtain habeas relief if he can demonstrate he is in custody pursuant to the judgment of a state court in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254. Under Rule 8 of the RULES GOVERNING SECTION 2254 PROCEEDINGS IN THE UNITED STATES DISTRICTS COURTS, the Court is to determine, after a review of the response, the transcript, record of state court proceedings, and the expanded record, whether an evidentiary hearing is required. If a hearing is not required, the district judge is to dispose of the case as justice dictates. The Court finds it is unnecessary to hold an evidentiary hearing in the present case.

Chapter 153 of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 2414 (1996) ("AEDPA"), signed into law on April 24, 1996, has significantly amended Title 28 of the UNITED STATES CODE and altered the standard of review that a federal court must employ when deciding whether to grant a *writ of habeas corpus*. As amended, 28 U.S.C. § 2254(d) (1997) provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

As amended, 28 U.S.C. § 2254(e) provides as follows:

> (1) In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence.
>
> (2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that -
>
> (A) the claim relies on-
>
> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered

through the exercise of due diligence; and

(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found the applicant guilty of the underlying offense.

Jones filed his application for a *writ of habeas corpus* on September 10, 1998[1], after the effective date of AEDPA. The United States Supreme Court has instructed that the AEDPA generally applies to cases filed after the act became effective. *See Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997) (holding the new provisions of Chapter 153 generally apply only to cases filed after the effective date of the Act). The United States Court of Appeals for the Sixth Circuit has previously held that the provisions of the AEDPA, including the amended standard of review apply in cases filed after April 24, 1996. Therefore, revised § 2254(d) and (e) govern the inquiry as to whether or not *habeas corpus* relief is appropriate in this case.

Federal courts must now give greater deference to the determinations made by state courts than they were required to do under the previous law. *Spreitzer v. Peters,* 114 F.3d 1435, 1441 (7th Cir.), *modified on other grounds,* 127 F.3d 551 (1997), *cert. denied,* 522 U.S. 1120, 118 S.Ct. 1060, 140 L.Ed.2d 121 (1998); *Nevers v. Killinger,* 990 F.Supp. 844, 849–850 (E.D.Mich. 1997), *aff'd* 169 F.3d 352 (6th Cir.), *cert. denied,* —— U.S. ——, 119 S.Ct. 2340, 144 L.Ed.2d 237 (1999).

Although the United States Supreme Court and the Court of Appeals for the Sixth Circuit have not yet decided how to implement these new standards, this Court is guided by the Sixth Circuit's recent opinion in *Nevers v. Killinger,* 169 F.3d 352 (6th Cir.), *cert. denied,* —— U.S. ——,

119 S.Ct. 2340, 144 L.Ed.2d 237 (1999), and *Harpster v. State of Ohio,* 128 F.3d 322 (6th Cir.1997), *cert. denied,* 522 U.S. 1112, 118 S.Ct. 1044, 140 L.Ed.2d 109 (1998). In *Nevers* and *Harpster,* the Sixth Circuit did not state which approach it would follow because "[t]he difference between the two approaches has no practical significance in this case..." *Harpster* at 327; *see also Nevers,* 169 F.3d at 361. Although the Sixth's Circuit opinion outlined two slightly different approaches developed by other circuits, it appears the second approach which was taken by the First Circuit in *Martin v. Bissonette,* 1997 WL 280602 (1st Cir. May 29, 1997), has not been adopted by any other court. Furthermore, the First Circuit opinion referred to by the Sixth Circuit in *Harpster* has been withdrawn, "[b]ecause Martin's case was still pending before us on a petition for rehearing when *Lindh v. Murphy,* 521 U.S. 320, 117 S.Ct. 2059, 2067–68, 138 L.Ed.2d 481 (1997) was decided, we withdrew our earlier opinion and now reevaluate Martin's claims under the pre-AEDPA standard." The new opinion, *Martin v. Bissonette,* 118 F.3d 871, 875 (1st Cir.1997), which superseded the opinion the Sixth Circuit referred to, does not contain any reference to the approach as discussed by the Sixth Circuit in *Harpster.*

A state court's determination of a factual issue is presumed correct and the petitioner can rebut the presumption only by clear and convincing evidence. *Nevers,* 990 F.Supp. at 850. The challenge to a mixed question of law and fact requires the application of the second clause of § 2254(d)(1), and habeas relief will not be granted unless the state court's decision amounted to an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States. 28 U.S.C. § 2254(d)(1); *Harpster,* 128 F.3d at 326. "Mixed questions of law

---

**1.** The petition (Court File No. 1) was received on September 14, 1998. However, giving the petitioner the benefit of the doubt since he has provided documentation to indicate he filed a habeas petition and paid the $5.00 filing fee (Court File No. 8 and 9) on or about April 15, 1997, the Court will treat the petition as timely filed.

and fact are those decisions which require the application of a legal standard to fact determinations." *Nevers,* 990 F.Supp. at 850 (*citing Thompson v. Keohane,* 516 U.S. 99, 109–11, 116 S.Ct. 457, 133 L.Ed.2d 383 (1995)).

The Sixth Circuit has recently addressed what constitutes an unreasonable application of clearly established federal law in *Nevers,* 169 F.3d at 361. The Sixth Circuit held in arriving at the correct answer to the question of unreasonableness, "[t]he deference to the state courts' judgments required by the AEDPA is achieved by adopting the rule that the unreasonableness of a state court's application of clearly established Supreme Court precedent will not be 'debatable among reasonable jurists,' *Drinkard v. Johnson,* 97 F.3d 751, 769 (5th Cir., 1996), *cert. denied,* 520 U.S. 1107, 117 S.Ct. 1114, 137 L.Ed.2d 315 (1997), if it is 'so offensive to existing precedent, so devoid of record support, or so arbitrary, as to indicate that it is outside the universe of plausible, credible outcomes,' *O'Brien [v. Dubois],* 145 F.3d [16,] 25[(1st Cir.1998)]." *Nevers,* 169 F.3d at 361.

This Court can only review Jones' claim of ineffective assistance of trial counsel. Jones received a full and fair hearing on the merits of this issue in the state trial court during his hearing on his motion for new trial and his appeal. This Court finds the state courts adequately resolved the questions of law and fact; and their decision did not involve an unreasonable application of clearly established federal law as determined by the Supreme Court or an unreasonable determination of the facts. 28 U.S.C. § 2254(d)(1) and (2).

## II. *PROCEDURAL BACKGROUND*

Jones was convicted of robbery by the use of a deadly weapon and aggravated assault with a firearm, causing bodily injury. He was also found to be an habitual criminal and each of his sentences were enhanced to life imprisonment. Jones appealed his conviction on the following nine issues: (1) improper jury instruction regarding the habitual criminal, shifting the burden of proof from the state to the defendant; (2) improper charge regarding the presumption of identity pursuant to T.C.A. § 39–1–804; (3) improper denial of petitioner's motion in limine; (4) improper denial of defendant's motion to dismiss habitual criminal indictments; (5) improper denial of motion for mistrial; (6) improper denial motion for judgment of acquittal; (7) denial of effective assistance of counsel at the lineup; (8) improper denial of motion to suppress; and (9) denial of effective assistance of counsel at trial.

The Tennessee Court of Criminal Appeals affirmed the conviction on January 30, 1987. Jones filed an Application for Permission to Appeal in the Tennessee Supreme Court challenging the appellate court's decision on the above stated issues. On April 13, 1987, the Tennessee Supreme Court denied his application.

Jones filed a petition in Tennessee state court for post-conviction relief and challenged an Idaho conviction from June 16, 1971. Jones voluntarily dismissed the petition on July 8, 1989 (Addendum No. 7). On November 16, 1992, Jones filed another petition for post-conviction relief in the Tennessee trial court on the ground of denial of effective assistance of trial counsel. Jones also alleged a double jeopardy violation. The trial court dismissed the petition on the grounds it was barred by the statute of limitations (Addendum No. 9, p. 3). Jones' sole issue on appeal was whether the dismissal was in error because the statute of limitations for post-conviction relief petitions was inapplicable due to the establishment of a new constitutional rule. Although the Court of Criminal Appeals of Tennessee concluded the post-conviction petition was not time barred, it also concluded that Jones was not entitled to post-conviction relief. On May 25, 1994, the Court of Criminal Appeals affirmed the trial court's dismissal of the post-conviction petition for failure to state a claim upon which relief may be granted. Jones did not appeal to the Tennessee Supreme Court.

## III. FACTUAL BACKGROUND

The following are the facts as stated by the Court of Criminal Appeals of Tennessee:

On April 29, 1983, Charlie Howard Broxton was the manager of the Tanana Oil Service Station at 5408 Ringgold Road in Chattanooga. At approximately 2:00 p.m., he was preparing his bank deposit, having in excess of $6,750.00 to be deposited. At about 2:10 p.m. he left his office and went the gas pumps to check a discrepancy in his figures. As he returned to the office, the appellant walked past him, pushed the office door open, pulled a gun from a paper bag and said that it was a stick up. A struggle ensued as Mr. Broxton tried to take the gun from the appellant. He struck Mr. Broxton in the head, rendering him momentarily unconscious. As he did so, the gun fired, but no one was hit by the bullet.

Jerry Waters and Allen Lee Cooper operated a dental laboratory next door to the service station. Messrs. Waters and Cooper watched the appellant loitering between their office and the service station for a long period of time. Mr. Waters watched him for fifteen to twenty minutes from the office window, believing that something was about to happen. Mr. Cooper described the appellant's suspicious behavior as he sat behind the ice machine and cold drink machine. Periodically, the appellant peeked around the machines looking toward the gas station. In addition, Mr. Broxton had seen the appellant around the station three or four times earlier that month.

Upon hearing the shot, Messrs. Waters and Cooper responded. Mr. Waters went to the gas station to check on Mr. Broxton. As Mr. Cooper came out the door of their business the appellant passed within four or five feet of him. Mr. Cooper followed the appellant, who left the scene in a U–Haul truck being driven by someone else. As Mr. Cooper attempted to follow the truck in his car, a woman in a white Trans–Am repeatedly blocked him to keep him from getting close to the truck. Eventually, he saw the appellant and another man jump out of the truck when it slowed. They started walking, but upon turning and seeing Mr. Cooper, they ran.

## IV. ANALYSIS

### A. Procedural Bar

■ Ordinarily, state prisoners must first exhaust their available state court remedies before seeking habeas relief by fairly presenting all of their claims to the state courts. 28 U.S.C. § 2254(b)(c); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir.1995) (*per curiam*); *Clemmons v. Sowders*, 34 F.3d 352, 354 (6th Cir.1994); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The petitioner bears the burden of proving he has exhausted those remedies. *Rust v. Zent*, 17 F.3d at 160; *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir.), *cert. denied*, 506 U.S. 924, 113 S.Ct. 347, 121 L.Ed.2d 262 (1992).

■ Normally, the exhaustion requirement is satisfied after the petitioner fairly presents all his claims to the highest court in the state in which the petitioner was convicted, thus giving it a full and fair opportunity to rule on his claims before seeking relief in federal court. *Rust*, 17 F.3d at 160; *Silverburg v. Evitts*, 993 F.2d 124, 126 (6th Cir.1993); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir.1990).

■ If a prisoner fails to present his claims to a state court and is now barred from pursuing relief in the state courts, then his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust. *Hannah v. Conley*, 49 F.3d at 1196. Although there is not an exhaustion problem in this type of case, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claim in the state courts and actual prejudice to his defense at trial or appeal. *Gray v. Netherland*, 518 U.S. 152,

160–161, 116 S.Ct. 2074, 135 L.Ed.2d 457 (1996).

■ Jones presents two claims in his § 2254 petition. His second claim of ineffective assistance of counsel consists of claims of ineffective assistance of counsel during different stages of his state court proceedings. The only claim he has not procedurally defaulted on is the claim that trial counsel was ineffective. Jones presented this issue to the Tennessee Supreme Court and accordingly, this Court will only address the claim of ineffective assistance of trial counsel. The claim he received ineffective assistance of counsel at all other stages of his criminal and post-conviction proceedings, and the claim his sentence was enhanced with an unconstitutional Idaho conviction have not been fairly presented to the Tennessee Supreme Court. Jones has failed to exhaust these claims to which Respondent has asserted a procedural default defense. Jones has procedurally defaulted on the claim his sentence was enhanced with an unconstitutional conviction and he received ineffective assistance of counsel at all stages of his criminal and post-conviction proceedings.

In his § 2254 petition, Jones claims his sentence was enhanced with an unconstitutional conviction, however, in the one state post-conviction petition he raised this issue, he voluntarily dismissed the petition at the trial court level. (Addendum No. 7). Jones failed to appeal this issue to the Court of Criminal Appeals of Tennessee or to the Supreme Court of Tennessee.

In his November 16, 1992 post-conviction petition, Jones alleged ineffective assistance of counsel at trial, sentencing, appeal, and post-conviction. When Jones filed his post-conviction appeal in the Court of Criminal Appeal, the only issue he appealed was whether the dismissal was in error because the statute of limitations for post-conviction relief petitions was inapplicable due to the establishment of a new constitutional rule. Although the Court of Criminal Appeals of Tennessee concluded the post-conviction petition was

not time barred, it also concluded that Jones was not entitled to post-conviction relief. On May 25, 1994, the Court of Criminal Appeals affirmed the trial court's dismissal of the post-conviction petition for failure to state a claim upon which relief may be granted. Jones did not appeal to the Tennessee Supreme Court. Jones did not file a post-conviction appeal to the Tennessee Supreme Court. Therefore, this claim has not been fairly presented to the Tennessee Supreme Court.

■ Jones would be barred from seeking review of these claims in a state court proceeding because he had the opportunity to raise the issues during the course of his direct appeal but failed to do so. *See Rust v. Zent,* 17 F.3d at 160. Absent cause and prejudice, this Court cannot reach the merits of claims that have been procedurally defaulted in state court by a state prisoner in a defendant's direct criminal appeal. *Reed v. Farley,* 512 U.S. 339, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994). To establish cause Jones must present a substantial reason to excuse the default. Jones must show he was actually prejudiced as a result of the claimed constitutional error. *United States v. Frady,* 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982); *Perkins v. LeCureux,* 58 F.3d 214, 219 (6th Cir.), *cert. denied,* 516 U.S. 992, 116 S.Ct. 526, 133 L.Ed.2d 432 (1995). This Court must determine whether cause and prejudice exists to excuse the failure to present the claims in the state courts. *Gray v. Netherland,* 518 U.S. at 160, 116 S.Ct. 2074 (*citing Engle v. Isaac,* 456 U.S. 107, 125, n. 28, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982)). To establish cause, Jones must present a substantial reason to excuse the default. Jones presumably alleges attorney error as cause for his failure to timely raise these issues in his post-conviction or direct appeal to the Court of Criminal Appeal or to the Tennessee Supreme Court. Ordinary attorney error does not constitute cause. The error must amount to constitutionally ineffective assistance of counsel under the

test enunciated in *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Failure to raise an issue on appeal does not constitute cause. *Jones v. Barnes*, 463 U.S. 745, 750–54, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Rust v. Zent*, 17 F.3d at 161. "Though ineffective assistance of counsel may constitute cause, *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986) (citation omitted) 'the mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default.' " *Id.* at 486–87, 106 S.Ct. 2639. The existence of cause for procedural default usually must be proven by showing some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule. *Rust v. Zent*, 17 F.3d at 161. Jones must also prove he was actually prejudiced by the claimed constitutional error. *Id.* (*citing, United States v. Frady*, 456 U.S. 152, 170, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982)). If there is strong evidence of a petitioner's guilt and a lack of evidence to support his claim, then the prejudice component of the cause and prejudice test will not be satisfied. *Rust v. Zent*, 17 F.3d at 161.

Jones has failed to demonstrate cause for his procedural default. Therefore, the Court does not need to determine whether prejudice resulted from the procedural default. Consequently, all of Jones' claims, except his claim of ineffective assistance of trial counsel, are procedurally barred, thereby necessitating the dismissal of these issues in his § 2254 petition. Therefore, the Court will address the one issue that is not procedurally barred.

### 1. *Ineffective Assistance of Trial Counsel Claim*

Jones claims his trial counsel was ineffective because he failed to investigate the case, interview any witnesses, or determine whether any defenses existed (Court File No. 7. P. 4). The State contends Jones has failed to demonstrate the Tennessee Court of Criminal Appeals' decision was contrary to, or involved an unreasonable application of clearly established federal law, or the Tennessee Court of Criminal Appeals unreasonably interpreted the facts in this case.

Federal courts must defer to state court factual findings, according them a presumption of correctness that the petitioner may rebut only with clear and convincing evidence. 28 U.S.C. § 2254(e)(1). This presumption only applies to underlying basic, primary, or historical facts, and not to mixed questions of facts and law. *Rickman v. Bell*, 131 F.3d 1150, 1153 (6th Cir.1997), *cert. denied*, 523 U.S. 1133, 118 S.Ct. 1827, 140 L.Ed.2d 962 (1998); *West v. Seabold*, 73 F.3d 81, 84 (6th Cir.), *cert. denied*, 518 U.S. 1027, 116 S.Ct. 2569, 135 L.Ed.2d 1086 (1996) Ineffective assistance of counsel in a petition for habeas corpus review presents a mixed question of law and fact. *West v. Seabold*, 73 F.3d at 84. Therefore, a state court's conclusion counsel rendered effective assistance of counsel is not a finding of fact binding on the federal court to the extent stated by 28 U.S.C. § 2254(e)(1). Ineffectiveness is a mixed question of law and fact, not a question of basic, primary, or historical fact. State court findings of fact made in the course of deciding an ineffectiveness claim are subject to the deference requirement of 28 U.S.C. § 2254(e), however, the performance and prejudice components of the ineffectiveness inquiry, which are mixed questions of law and fact, are not entitled to the deference. *See Rickman v. Bell*, 131 F.3d at 1153–54. To obtain relief, Jones must show the State court's adjudication resulted in a decision that involved an unreasonable application of clearly established Federal law as determined by the United States Supreme Court. 28 U.S.C. § 2254(d)(1).

In order to demonstrate ineffective assistance of counsel, Jones must not only show his attorney's representation fell below the standard of competence demanded of attorneys in criminal cases, but also, there is a reasonable probability, but for the attorney's unprofessional errors,

the result of the proceeding would have been different. The Supreme Court in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), established the criteria for determining whether a Sixth Amendment claim of ineffective assistance of counsel is meritorious.

To establish his attorney was not performing within the range of competence demanded of attorneys in criminal cases, the defendant must demonstrate the attorney's representation fell below an objective standard of reasonableness. *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052; *McMann v. Richardson,* 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The *Strickland* test requires that a defendant demonstrate two essential elements: (1) counsel's performance was deficient, *i.e.,* counsel was not functioning as counsel guaranteed the defendant by the Sixth Amendment, and (2) counsel's deficient performance prejudiced the defense, *i.e.,* deprived the defendant of a fair trial rendering the outcome of the trial unreliable. *Id.* at 687–88, 104 S.Ct. 2052; *McQueen v. Scroggy,* 99 F.3d 1302, 1310–11 (6th Cir.1996), *cert. denied,* 520 U.S. 1257, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997); *Sims v. Livesay,* 970 F.2d 1575, 1579–81 (6th Cir.1992). *See also Flippins v. United States,* 808 F.2d 16, 17–18 (6th Cir.), *cert. denied,* 481 U.S. 1056, 107 S.Ct. 2197, 95 L.Ed.2d 852 (1987). As the Sixth Circuit explained in *United States v. Morrow,* 977 F.2d 222, 229 (6th Cir.1992), *cert. denied,* 508 U.S. 975, 113 S.Ct. 2969, 125 L.Ed.2d 668 (1993): "Counsel is constitutionally ineffective only if performance below professional standards caused the defendant to lose what he otherwise would probably have won." *See also West v. Seabold,* 73 F.3d at 84. "An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the [ultimate] judgment." *West,* 73 F.3d at 84, *quoting Strickland,* 466 U.S. at 691, 104 S.Ct. 2052, *citing Smith v. Jago,* 888 F.2d 399, 404–05 (6th Cir.1989), *cert. denied,* 495 U.S. 961, 110 S.Ct. 2572, 109 L.Ed.2d 754 (1990).

There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 689, 104 S.Ct. 2052; *Sims,* 970 F.2d at 1579–80.

"Reviewing courts focus on whether counsel's errors have undermined the reliability of and confidence that the trial was fair and just." *Austin v. Bell,* 126 F.3d 843, 847 (6th Cir.1997), *cert. denied,* 523 U.S. 1079, 118 S.Ct. 1526, 140 L.Ed.2d 677 (1998), *citing, Strickland,* 466 U.S. at 687, 104 S.Ct. 2052; *United States v. Cronic,* 466 U.S. 648, 658, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984); *McQueen v. Scroggy,* 99 F.3d at 1310–1311. The Court cannot indulge in hindsight, but must instead evaluate the reasonableness of counsel's performance within the context of the circumstances at the time of the alleged errors. *Strickland,* 466 U.S. at 690, 104 S.Ct. 2052; *McQueen,* 99 F.3d at 1311. Trial counsel's tactical decisions are particularly difficult to attack. *McQueen,* 99 F.3d at 1311; *O'Hara v. Wigginton,* 24 F.3d 823, 828 (6th Cir.1994). A defendant's challenge to such decisions must overcome a presumption that the challenged actions might be considered sound trial strategy. *McQueen,* 99 F.3d at 1311; *O'Hara,* 24 F.3d at 828. Effective assistance of counsel is presumed, and the court will not generally question matters involving trial strategy. *See United States v. Chambers,* 944 F.2d 1253, 1272 (6th Cir.1991), *cert. denied,* 502 U.S. 1112, 112 S.Ct. 1217, 117 L.Ed.2d 455 and 503 U.S. 989, 112 S.Ct. 1680, 118 L.Ed.2d 397 (1992). To establish the prejudice prong, Jones must show that absent his attorney's errors, the result of his trial would have been different. *Lynott v. Story,* 929 F.2d 228, 232 (6th Cir.1991). "[R]eviewing court[s] must remember that 'counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.'" *Wong v. Money,* 142 F.3d 313, 319 (6th Cir.1998), *quoting Strickland v. Washington,* 466 U.S. at 690,

104 S.Ct. 2052. The Court must make an independent judicial evaluation of counsel's performance, and determine whether counsel acted reasonably under all the circumstances. *McQueen,* 99 F.3d at 1311; *O'Hara,* 24 F.3d at 828; *Ward v. United States,* 995 F.2d 1317, 1321–22 (6th Cir. 1993); *Sims,* 970 F.2d at 1580–81.

Jones was convicted of robbery by the use of a deadly weapon and aggravated asssault with a firearm, causing bodily injury. He was also found to be an habitual criminal and each of his sentences was enhanced to life imprisonment. Jones's trial attorney was Rodney Strong. Jones alleges counsel was ineffective because he did not conduct a proper investigation, interview witnesses, or explore the available defenses. Specifically, he contends counsel did not call Kathrene Baxter, the sole eyewitness to the entire robbery. However, the Court notes Jones has failed to support this allegation with any facts. The Court is unable to find an affidavit, deposition, or anything in the transcripts where Kathrene Baxter has sworn she saw the crime and Jones was not the one who committed the crime. Mr. Strong stated he was unable to find Kathrene Baxter and although Jones submitted Donna Kirby would testify he definitely was not the perpetrator, Mr. Strong testified Donna Kirby told him she could not identify the person who ran past her. (Court File No. 39, pp. 411–412).

During the hearing on the motion for new trial, Mr. Strong testified he obtained discovery from the District Attorney's office, he listened to the preliminary hearing tape made by the District Attorney's office and had it transcribed, and he obtained notes and transcripts from other attorneys involved in the preliminary hearing of these charges against Jones and his co-defendants which gave him a good idea of the state's case against Jones. (Court File No. 41, p. 65). Mr. Strong also testified Mr. Barnwell,[2] Jones' previous attorney,

had issued subpoenas for several witnesses. Mr. Strong testified he reviewed the list and called those witnesses and talked with them. He testified he spoke with many of the witnesses the first day of jury selection. (Court File No. 41, pp. 65–66). Furthermore, the state court found Mr. Strong to be credible. Credibility findings made by state courts and a state court's determination of a factual issue are presumed correct and the petitioner can rebut the presumption only by clear and convincing evidence. *See McQueen v. Scroggy,* 99 F.3d 1302, 1310 (6th Cir., 1996), *cert. denied,* 520 U.S. 1257, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997); *Smith v. Jago,* 888 F.2d 399, 407 (6th Cir.1989) *cert. denied,* 495 U.S. 961, 110 S.Ct. 2572, 109 L.Ed.2d 754, *Nevers,* 990 F.Supp. at 850.

The Court of Criminal Appeals of Tennessee court found that the trial court's finding during a motion for new trial that trial counsel's performance met the standards of *Baxter v. Rose,* 523 S.W.2d 930 (Tenn.1975) was correct. On appeal the Court of Criminal Appeals of Tennessee found the trial court's decision was supported by the record. Based on their examination of the trial records, the Court of Criminal Appeals specifically found "that counsel's performance was far in excess of the minimum standard. Counsel presented an alibi defense which, had it been believed by the jury, would have resulted in an acquittal. The fact that the jury refused to believe the appellant's witnesses is no reflection upon the vigor with which his counsel presented the appellant's case. Furthermore, his counsel's cross-examination of the state's witnesses was absolutely superb. The allegation of ineffective assistance of counsel is patently without merit." (Addendum No. 1, p. 7).

This court finds the record supports the Tennessee Court of Criminal Appeals findings. Trial counsel did pursue an alibi defense (Court File No. 39, pp. 273–388).

---

**2.** The testimony during the motion for new trial was "Mr. Barnwell himself was convicted of trying to influence the state's chief witness in this case before the Court today, that he was convicted of that offense himself."

Trial counsel subjected the prosecution's witnesses to rigorous cross-examination (Court File No. 38). Given the weight of the evidence against Jones, the factually unsupported allegation that counsel failed to call the one eyewitness to the crime to testify cannot be said to have made a difference in the ultimate result. The record shows that there was more than one eyewitness to this crime. The victim to the crime was an eyewitness and he testified. Furthermore, two witnesses who observed Jones sitting on the rail prior to the robbery, one of whom chased Jones, also testified and identified Jones as the perpetrator. The evidence of Jones' guilt is compelling.

Mr. Broxton, the victim in this case testified Jones was the person that came to his station on April 29, 1983 and robbed him of $6,500.00 (Court File No. 38, p. 95–96). Specifically, Mr. Broxton testified:

Broxton: Well, my money wasn't balancing with my daily strip sheets. I was checking through my strip sheets and I thought I found a discrepancy in my pump readings. I went back outside to check it out. As I was walking back in toward my office, I noticed Mr. Jones walked by me, around the left side like he was going toward the bathrooms. I opened my door and walked in and before I could shut the door and lock it, he pushed the door open, pulled a gun out of a paper bag and said this is a stickup.

DA: All right, sir, what did you do then?

Broxton: Instincts, I don't know why, I just went for the gun and the next thing I remember Bill was coming to the door asking me if I was all right.

Mr. Jerry Waters, a dental technician testified he observed Jones for fifteen or twenty minutes sitting on the rail outside his office and Mr. Broxton's station. Mr. Waters testified he heard a shot and ran to the service station and then had an employee call for help. (Court File No. 38, pp. 132–134). Mr. Allen Cooper testified he observed Jones sitting on the rail behind an ice and coke machine and he kept an eye on Jones because he thought it was unusual that Jones was sitting on the rail and occasionally peeking around the sides of the machines looking over into the gas station area. (Court File No. 38, pp. 150–152). Mr. Cooper further testified he heard a shot and when he looked up Jones was gone from the rail. Mr. Cooper stated he ran to the front door and Jones ran pass him. Mr. Cooper jumped in his car and followed Mr. Jones after he was told Jones got in the U–Haul truck. Mr. Cooper saw Jones get out of the U–Haul truck and run, so he stopped and called the police. (Court File No. 38, pp. 155–157).

Jones has not shown his attorney's performance was deficient nor has he alleged in his § 2254 motion the kind of prejudice necessary to satisfy the *Strickland* test. Jones has not satisfied either prong of the *Strickland* test. There is nothing in the motion or record to indicate his attorney's performance was deficient and prejudiced the defense so as to render the trial unfair and the result unreliable. To satisfy the prejudice prong of the *Strickland* test, Jones must show there is a reasonable probability, but for counsel's alleged unprofessional errors, the result of the proceeding would have been different. Furthermore, since Jones failed to provide any evidence other than a factually unsupported statement that Kathrene Baxter was the sole eyewitness and Jones' defense counsel failed to call her as a witness, he cannot and does not show any probability counsel's alleged error prejudiced the defense, deprived the defendant of a fair trial, or rendered the outcome of the trial unreliable. There is not a reasonable probability, but for this claimed deficiency of counsel, Jones would have not been convicted or received a lesser sentence. Therefore, Jones was not prejudiced, and he has failed to meet the prejudice prong of the *Strickland* test. The decision of Jones' counsel not to present certain witnesses and his inability to locate Ms. Baxter does not rise to the level of ineffective

assistance required under the *Strickland* test.

 This Court does not find that the State court adjudication of this claim resulted in a decision that involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d)(1)(2). Therefore, Jones' claim of ineffective assistance of counsel will be **DISMISSED.** 28 U.S.C. § 2254(d)(1)(2).

## V. *CONCLUSION*

The petitioner is not entitled to habeas corpus relief and his § 2254 petition and amendment (Court File No. 1 & 7) will be **DISMISSED,** and the respondent's motions to dismiss and for summary judgment (Court File No. 10 & 35) will be **GRANTED.**

An appropriate order will enter.